UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RODNEY EDWARD LEMONS,

   Plaintiff,

vs.

CUYAHOGA COUNTY COURT OF
  COMMON PLEAS, et al.,

   Defendants.

CASE NO. 1:13-CV-2704

OPINION & ORDER
[Resolving Doc. Nos. 1, 2, 3, & 6]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Before the court is *pro se* plaintiff Rodney Edward Lemons's "Complaint" (Doc. No. 1) filed *in forma pauperis* against the Cuyahoga County Court of Common Pleas, Judge Nancy Fuerst and Alison D. Edelstein. He has also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2), Motion to Reassign Judge (Doc. No. 3.) and Motion to Supplement Complaint (Doc. No. 6.) Lemons asks the Court to release him on bond pending the Ohio Supreme Court's ruling in the following cases: CR 576552, CR 574602, CR 567533, CR 531567, and CR 531967. For the following reasons, the Court **DISMISSES** the complaint.

**I. Background**

  The face page of the Complaint is blank except for an annotation to "see attached." The

Case No. 1:13-CV-2704
Gwin, J.

attachments include an Affidavit of Fact, Affidavit of Prejudice, Petition for Substantive Due Process Violations and Declaratory Relief under the Ohio Constitution. A careful reading of these documents reveal Lemons is challenging a conviction in the Court of Commons Pleas. A review of the County docket indicates a jury found Lemons guilty on November 6, 2013 of telecommunications fraud in violation of Ohio Revised Code (ORC) § 2913.05, securing records by deception, in violation of ORC §2913.43, attempted aggravated theft in violation of ORC §§2923.02/2913.02 A(3) and extortion in violation of ORC §2905.11. *See State of Ohio v. Lemons*, No. CR 13 576552 (Ct. Com. Pl. Cuyahoga Ct.)(Fuerst, J.) On April 8, 2014, Judge Nancy Fuerst imposed the following sentence: 30 months on Counts 2, 3, 4, 5 and 8, 18 months on Counts 1, 6 and 7. All counts are to run concurrent to each other.

Lemons is now attempting to attack his conviction based, in part, on alleged violations of his right to due process. Further, he acknowledges that he has pending appeals of his conviction in the Supreme Court of Ohio. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915A.

**II. Legal Standards**

28 U.S.C. § 1915A

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F.Supp.2d 809 (N.D. Ohio 1999)(if prisoner's civil rights

Case No. 1:13-CV-2704
Gwin, J.

complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000).

### III. Analysis

"[F]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). It is only habeas relief, however, that can test the fact or duration of a prisoner's confinement. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007). Here, Lemons challenges several issues directly related to his conviction. In essence, he is asking this Court to set aside his conviction based on several factors which he believes undermine the legitimacy of his conviction and imprisonment. A habeas corpus petition, however, is the only proper mechanism for a prisoner attacking the "legality or duration" of his or his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As the *Preiser* court explained:

> It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the *traditional function of the writ is to secure release from illegal custody*. By the end of the 16th century, there were in England several forms of habeas corpus, of which the most important and the only one with which we are here concerned was habeas corpus ad subj iciendum-the writ used to 'inquir(e) into illegal detention with a view to an order releasing the petitioner.' *Fay v. Noia*, 372 U.S. 391, 399 n. 5, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963).

*Id.* (emphasis added). To the extent Lemons seeks to challenge his conviction and sentence, he

Case No. 1:13-CV-2704
Gwin, J.

must first exhaust his state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Only then may he challenge the Constitutionality of his conviction in a petition pursuant to 28 U.S.C. §2254.

### IV. Conclusion and Order

Based on the foregoing, the Plaintiff's Motion to Proceed In Forma Pauperis is granted and Complaint is dismissed without prejudice based on lack of subject matter jurisdiction. *See e.g. Wagenknecht v. United States*, 533 F.3d 412 (6th Cir. 2008). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.


Dated: June 9, 2014                    *s/        James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE